JAMES PANTAZAS, SPIRO POMONIS, CHARLES PANTAZAS, AND DENNIS POMONIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3382.    Promulgated December 30, 1926.

*Sam Bounds, C. P. A.,* for the petitioners.
*Robert A. Littleton, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for 1920 of $4,439.79 against James Pantazas, $1,140.42 against Spiro Pomonis, $187.30 against Dennis Pomonis, and $251.12 against Charles Pantazas. The deficiencies re-

sult from an increase in the income of a partnership of which the petitioners are members.

The petitioners are members of a partnership which operates the Lafayette Cafe in Tulsa, Okla.

During the year 1920 the partnership records consisted of two books, one of which contained a record of cash receipts and payments, made each day from the cash register, while the other recorded payments by check, these payments being segregated under such general headings as "Salaries," "Merchandise," "General Expenses," and "Supplies."

In determining the gross income of the partnership for 1920 the Commissioner collected data from the partnership books, bank deposits and other sources. Of the amount disclosed by the bank deposits and included in gross income, $14,000 represents capital paid in to the partnership during the taxable year by James Pantazas and George Petropol, another of the partners, in equal amounts.

In the Commissioner's determination, depreciation at the rate of 10 per cent was allowed on all machinery, furniture and fixtures to the extent of the full costs as shown by the taxpayers' books.

GREEN: The petitioners contend: (1) That the books of the Lafayette Cafe properly reflect gross income and that the increase based on bank deposits and other data is erroneous; (2) that inventory for the beginning of the year as shown by the books should be used in determining income; and (3) that the various items on which depreciation is determined should be segregated and depreciation computed on the basis of the life of each particular item.

From the record it appears that the only evidence supporting these contentions is that $14,000 of the amount included in gross income on the basis of bank deposits represented capital paid in to the business during the taxable year. Income should be accordingly reduced in that amount. There was some testimony to the effect that certain checks cashed for accommodation had been returned for lack of funds, but there is no evidence in the record from which we are able to determine the amount of such checks, and for that reason, no allowance can be made.

The record also fails to disclose sufficient facts to justify any change in the Commissioner's computation of depreciation on furniture and equipment, and with reference to inventory no attempt was made to justify the allegation of error.

*Judgment will be entered after 15 days' notice, under Rule 50.*